## SENATOR CORPORATION

v.

## COMMISSIONER OF TRANSPORTATION.

Supreme Judicial Court of Maine.

Argued June 5, 1986.

Decided July 2, 1986.

See also 458 A.2d 1236.

Mark S. O'Brien (orally), Peter T. Dawson, Augusta, for plaintiff.

Sally M. Wagley (orally), Thomas G. Reeves, Dept. of Transp., Legal Div., Augusta, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

The Petitioner, Senator Corporation, appeals from an order of the Superior Court, Kennebec County, affirming the decision of the Respondent, Commissioner of Transportation, that Senator's billboard violated the Traveler Information Services Act, 23 M.R.S.A. §§ 1901–1925 (Supp.1985–1986).

We address only three of the issues raised on appeal. First, Senator asserts that the Commissioner lacked authority to order the sign's removal. Second, it contends that the Act effects an unconstitu-

tional taking of its property without just compensation. Third, Senator argues that because the sign has been in place for over 25 years, the Commissioner should be estopped from ordering its removal.

We find no merit in these contentions and therefore affirm the decision of the Superior Court.

Senator is a Maine corporation that owns a large parcel of land upon which it operates a motel and restaurant in Augusta. The parcel abuts Western Avenue to the north and, to the west, land owned by the Maine Turnpike Authority. This controversy centers upon a billboard that advertises Senator's business and stands in the southwest corner of its lot, nearly a half mile from Western Avenue. It cannot be read by travelers on Western Avenue but is designed to be read by travelers northbound on Interstate 95. The sign is five feet east of the Turnpike Authority right-of-way and 78 feet southwest of the Department's right-of-way, which carries the interstate. The billboard was erected in 1960 by Senator's predecessor in title, but neither that party nor Senator ever sought a permit for the sign.

■■■ Senator's first argument is that this case falls outside the Commissioner's jurisdiction because the sign is located in a compact or built-up area and is thereby subject to regulation only by the City of Augusta. The Act provides:

> Administration of this chapter by the Department of Transportation shall not apply to on-premise advertisements located in compact or built-up sections, the administration of which shall be the responsibility of local authority .... The "compact or built-up section" of any town or city shall be the territory contiguous to any highway which is built up with buildings devoted to business or dwelling purposes which are situated less than 200

feet apart for a distance of at least ¼ of a mile.

23 M.R.S.A. § 1914(9) (Supp.1985–1986). We reject Senator's argument for two reasons. First, the billboard is not an on-premise advertisement within the meaning of the Act.[1] Second, it is not located in a compact or built-up section. Section 1914(9) defines such sections as "territory contiguous" to a highway. The parties agree that Western Avenue is a compact or built-up section. The sign is not located in "territory contiguous" to Western Avenue, however. Rather, it cannot be seen from Western Avenue but is a half-mile from that street in a wooded, undeveloped area. The fact that one end of Senator's lot falls within a compact or built-up section fails to compel the conclusion that the other end of the lot, which does not meet the Act's density requirement, automatically qualifies as a compact or built-up section. If the Legislature had intended such a conclusion, section 1914(9) would state "parcel" instead of "territory." We conclude the Commissioner indeed had authority to order removal of Senator's sign.

■■ Senator's second argument is that the Act amounts to a taking of private property without just compensation, in violation of both state and federal constitutions. *See* Me. Const. art. I, § 21; U.S. Const. amends. V, XIV. The corporation urges that the Act effects a taking of the land immediately beneath the sign. We do not agree. As Senator concedes, the State may use its police power to regulate billboards. *Inhabitants of Town of Boothbay v. National Advertising Co.*, 347 A.2d 419, 423 (Me.1975). To constitute a taking of the land underneath the sign, the Commissioner's action in ordering the sign's removal must substantially impair or vitiate Senator's interest in that land. *State v. National Advertising Co.*, 409 A.2d 1277, 1289 (Me.1979). The removal of this sign would do nothing of the kind. The bill-

---

1. On-premise signs must be located on the same real property occupied by the business and must be within 1,000 feet of the principal building where the business is carried on. 23 M.R.S.A.

§§ 1903(8) (Supp.1985–1986). The parties stipulated that the sign is 1500 feet from Senator's motel and restaurant facilities.

board occupies a tiny fraction of Senator's whole parcel. Furthermore, the record shows that Senator plans a subdivision of its large parcel. Those plans could easily include the land now used for the sign. We conclude there has been no unconstitutional taking of Senator's property.

 We turn to Senator's final argument, that the Commissioner should be estopped from ordering removal of the sign because the agency has waited so long to order removal. To be sure, estoppel may be applied to governmental entities. *Maine School Administrative District No. 15 v. Raynolds*, 413 A.2d 523, 533 (Me. 1980). The fundamental element of estoppel, however, is that a person must induce another to believe something that is not true. *Shackford & Gooch Co. v. Town of Kennebunk*, 486 A.2d 102, 106 (Me.1984); *Roberts v. Maine Bonding & Cas. Co.*, 404 A.2d 238, 241 (Me.1979). That essential element is lacking here. There is nothing in the record to show that the Department,

either to Senator or to its predecessor in title, ever represented that the sign was legal. Governmental inaction alone will not support estoppel. *See Oki v. Immigration & Naturalization Service*, 598 F.2d 1160, 1162 (9th Cir.1979) (government's failure to do something will not lead to estoppel against it; conduct complained of must be an affirmative act). This is not an appropriate case for estoppel.

The other issues Senator raises on appeal are lacking in merit.

The entry is:

Judgment affirmed.

All concurring.