TOWN OF SULLIVAN

v.

**Archie and Marion WHALEN.**

Supreme Judicial Court of Maine.

Argued Nov. 16, 1987.

Decided Dec. 21, 1987.

Barry K. Mills (orally), Hale & Hamlin, Ellsworth, for plaintiff.

Laurie Anne Miller (orally), Ferris, Dearborn & Willey, Brewer, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

GLASSMAN, Justice.

The defendants, Archie and Marion Whalen, appeal from a judgment of the Superior Court, Hancock County, affirming the judgment of the District Court, Ellsworth, finding the Whalens in violation of the Trailer and Mobile Home Park Ordinance of the Town of Sullivan, assessing a fine for the violation, and ordering the removal of the subject mobile home. The Whalens contend, *inter alia,* that the placement of a new mobile home at a site different from that occupied by a destroyed mobile home without a permit is not a violation of the ordinance. We affirm the judgment.

The plaintiff Town of Sullivan (Town) initiated this action in May, 1985 by filing, pursuant to M.R.Civ.P. 80K, a Land Use Citation and Complaint in the District Court. The Town complained, *inter alia,* that the Whalens, who operate a nonconforming mobile home park, altered their park without a permit as required by the Trailer and Mobile Home Park Ordinance of the Town.[1]

The District Court found the following facts, which have not been challenged on appeal. In 1977 the Whalens were granted a permit to operate their park. At that time there were six mobile homes situated within the park. Since 1977, one of the mobile homes has been destroyed by fire. In March 1985 Mr. Whalen's application for a permit to replace the burned mobile home was denied for lack of information, and no permit has been granted. Several days after the denial of the application for a permit, as a replacement for the home destroyed by fire, the Whalens placed a new mobile home on a different site within the park from that occupied by the destroyed mobile home.

The Whalens argue, as they did before the District Court, that because they had six mobile homes located in their mobile home park prior to the 1983 amendment of the ordinance, the permit requirement of the ordinance was not applicable to the replacement of the home destroyed by fire.

The interpretation of terms or expressions within a zoning ordinance is a question of law for the court. The court by its interpretation has regard for both the objectives of the ordinance and its general construction. *George D. Ballard, Builder v. City of Westbrook,* 502 A.2d 476, 480 (Me.1985). A recognized objective of zoning is to " 'gradually or eventually eliminate nonconforming uses as speedily as justice will permit.' " *Shackford & Gooch, Inc. v. Town of Kennebunk,* 486 A.2d 102, 105 (Me.1984) (citation omitted). Section nine provides the proper vehicle to achieve that objective by providing a means for the Town to regulate any change in permitted nonconforming uses of land.

The District Court properly found that the Whalen's placement of the new mobile home at a different site from that occupied by the destroyed home was an alteration of the park. Section nine of the Trailer and Mobile Home Park Ordinance of the Town of Sullivan clearly requires the securing of a permit to alter any mobile home park. Accordingly, the District Court properly held that the Whalens had violated section nine of the ordinance by not securing a permit. *See, e.g., Stewart v. Town of Durham,* 451 A.2d 308, 310 (Me.1982) (ordinance that permitted mobile home replacements prevented transfer of mobile home from one location to another); *Town of Windham v. Sprague,* 219 A.2d 548, 551 (Me.1966) (ordinance restricting trailers to approved trailer parks prevented replacing

1. Section Nine of the Trailer and Mobile Home Park Ordinance of the Town of Sullivan, as amended in 1983, reads:

Permit required: It shall be unlawful for any person to construct or alter any mobile home or trailer park within the limits of the Town of Sullivan, Maine unless he or she, or any firm holds a valid permit issued by the building inspector or Selectmen in the name of such person or persons or firm for the specific mobile home or trailer park. A permit must be obtained for each additional unit.

Applications for a permit shall be subject to a fee of $5.00 for each permanently installed mobile home. Fees shall be paid to the town clerk.

old trailer, maintained as nonconforming use, with new one on same location outside approved trailer park).

The remaining contentions of the Whalens are without merit.

The entry is:

Judgment affirmed.

All concurring.