Gary **PITTS** and Judy Pitts, d/b/a
Pitts Sign Company

v.

Kenneth **PILKERTON,** J. Michael
Woods, and Town of
Smyrna, Tenn.

No. 3–87–0554.

United States District Court,
M.D. Tennessee,
Nashville Division.

Nov. 16, 1988.

Frank M. Fly and Brad W. Hornsby of Burger, Fly & McFarlin, for plaintiffs.

W. Gregory Miller of Cornelius J. Collins and James C. Cope of Murfree, Cope J. Moore, for defendants.

## MEMORANDUM

JOHN T. NIXON, District Judge.

The plaintiffs bring this action as a civil rights suit for declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201–02. The plaintiffs, who own a business engaged in the portable sign business, seek to enjoin enforcement of a sign ordinance of the Town of Smyrna, Tennessee [hereinafter Smyrna ordinance]. The plaintiffs allege that the ordinance violates the First and Fourteenth Amendments as well as Article I, Section 10 of the United States Constitution.

The defendant Town of Smyrna, Tennessee,[1] submits a motion for summary judg-

ment, pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 8(b)(2) of the Local Rules of this Court. The defendant argues that it is entitled to judgment as a matter of law alleging that the Smyrna ordinance does not violate the First Amendment nor deprive plaintiffs of their property interest without due process of law, or impair their right to contract. The plaintiffs argue that material and genuine issues of fact exist, precluding an award of summary judgment.

## I. STATEMENT OF FACTS

Plaintiffs, Gary and Judy Pitts, are in the business of selling and renting portable signs in the town of Smyrna, Tennessee. Smyrna, Tennessee, is a community located in Rutherford County, southeast of Nashville, Tennessee, which has undergone substantial growth in recent years. The plaintiffs have numerous portable signs in use in Smyrna.

The plaintiffs hold that the portable signs are a cost effective means for communication for small organizations and businesses. Plaintiffs argue that portable signs are used by merchants for commercial expression, by individuals to convey ideas, and by political, civic, and religious organizations to announce campaigns or events.

The defendant believes that the portable signs present not only dangers to highway travelers and pedestrians with visual obstructions and distractions, but also cause a visual blight and eyesore along roadsides. After a two year study by the Town of Smyrna Planning Commission, along with various citizen groups and committees, the Planning Commission drafted a comprehensive sign ordinance to the Board of Commissioners. The Smyrna ordinance was passed on May 12, 1987. The ordinance creates a regulatory scheme which *inter alia* restricts the use of portable signs to address traffic safety and aesthetic problems. Section 11.010 of the Smyrna ordinance pertains to portable signs. Section 1.010 defines the term "portable sign":

---

**1.** By agreement of all parties, this Court dismissed all claims and causes of action of plain-

tiffs against two original defendants, Kenneth Pilkerton and J. Michael Woods, with prejudice.

A portable sign shall mean to include any advertising sign device that is located on the ground, easily moveable, not permanently attached thereto and which is usually a two-sided sign and including any single or double surface painted or postered panel type sign or any variation thereof, which is temporary in nature, usually mounted on wheels, easily moveable, not permanently attached to the premises or any building, wall, fence, pole or any other structure situated upon any real property.

Smyrna, Tenn. Ordinance to Regulate Signs, § 1.010 (May 12, 1987).

As to these portable signs, Section 11.010 further provides:

A. After June 10, 1987 it shall be unlawful to use or display portable signs as hereinabove defined for any purpose.

B. Any such sign that is permitted by this Ordinance or even having the appearance of a portable sign as defined herein, if permitted by this Ordinance or otherwise, shall be set back at least fifteen (15) feet from any public right-of-way, easement or thoroughfare, and any such sign, the use of which requires any electrical current, such electrical connections, wires and the like shall be permanently installed, attached and connected and shall comply with the City's Electrical Code and such signs shall be at least ten (10) feet above ground on a single pole.

C. Further, any such portable signs in existence at the time of the passage of this Ordinance equipped with any electrical illumination elements or equipment of flashing or rotating electrical lights shall immediately, within fifteen (15) days of the passage of this Ordinance, turn off and disconnect any such illuminating devices or flashing or rotating light.

*Id.* at § 11.010.

## II. STANDARDS FOR SUMMARY JUDGMENT

■ In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), the United States Supreme Court explained the District Court's function in ruling upon a motion for summary judgment:

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment 'shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted....

More important for present purposes, summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.* 106 S.Ct. at 2510. (citations omitted).

It is likewise true that "[i]n ruling on a motion for summary judgment, the court must construe the evidence in its most favorable light in favor of the party opposing the motion and against the movant. Further, the papers supporting the movant are closely scrutinized, whereas the opponent's are indulgently treated. [citation omitted]. It has been stated that: 'The purpose of the hearing on the motion for such a judgment is not to resolve factual issues. It is to determine whether there is any genuine issue of material fact in dispute.'" *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425, 427 (6th Cir.1962) (citations omitted). As the Court of Appeals stated recently:

Summary judgment may only be granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed.R.Civ.P. All facts and inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion. *Smith v. Hudson*, 600 F.2d 60, 63 (6th Cir.), *cert. denied*, 444 U.S. 986 [100 S.Ct. 495, 62 L.Ed.2d 415] (1979).

*Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir.1986). Under these holdings, three questions are to be considered upon a motion for summary judgment: (1) does the plaintiff present sufficient facts to establish all the elements of his claim; (2) are those facts sufficient to support a judgment; and (3) are there any material factual issues with respect to those facts.

### III. PLAINTIFFS' FIRST AMENDMENT CLAIM

■ The plaintiffs complain that the Symrna Ordinance substantively and procedurally abridges the exercise of freedom of speech, commercial expression and religion. The defendant seeks summary judgment on the grounds that the Smyrna Ordinance is consistent with the First Amendment as a content neutral regulation that advances the town's government interests in aesthetics, traffic safety, and general public welfare.

The defendant is not entitled to a judgment as a matter of law for this claim. The Court DENIES defendants' summary judgment motion pertaining to plaintiffs' First Amendment claim.

Material and genuine issues of fact on this claim include, but are not limited to: whether or not the portable signs are used for commercial expression exclusively or involve political, civic, and religious expression; whether or not the Smyrna Ordinance advances substantial governmental interests in aesthetics, traffic safety, and general public welfare; whether or not the Smyrna Ordinance constitutes a total ban on the use of portable signs and whether or not the town used the least restrictive means to accomplish its objectives. By construing the evidence in a light most favorable to plaintiffs, granting a summary judgment motion here would be inappropriate.

### IV. PLAITNIFFS' DUE PROCESS CLAIM

■ Plaintiffs complain that the Smyrna Ordinance deprives them of property interest without due process of law under the Fourteenth Amendment. The Court GRANTS defendant's motion for summary judgment on this claim since defendant is entitled to a judgment as a matter of law even when construing the evidence in a light most favorable to the plaintiffs.

The Court holds that the reasoning of *Sign Supplies of Texas v. McConn*, 517 F.Supp. 778 (S.D.Texas 1980) and *Inhabitants of Boothbay v. Nat'l Advertising Co.*, 347 A.2d 419, 81 A.L.R.3d 474 (Me. 1975), applies to this case.

The Court holds that the Smyrna Ordinance does not constitute a taking of property interest without just compensation even if the ordinance bans rather than substantially curtails the use of portable signs. In *McConn*, the plaintiffs complained that an ordinance which prohibited new off-premise signs and set permit and fee requirements for portable signs consisted of a "taking" of their property without just compensation. *McConn*, 517 F.Supp. at 782. The *McConn* Court held that the "fact that enforcement of an ordinance causes pecuniary loss to those affected by it does not require that it be held invalid." *Id.* The Court added that since "the essence of police power is the control of private interest for public welfare, an ordinance is not rendered unconstitutional merely because private rights are subject to restraint or that loss will result to individuals from its enforcement." *Id.*

The *McConn* Court found that no taking took place, but even if it held that a taking occurred, it would uphold the ordinance. *Id.* at 782–83. Even in a light most favorable to the plaintiffs, the evidence here, as in *McConn*, shows that the ordinance provi-

sions in question bear a "real and substantial relation to the public health, safety and general welfare." *Id.* at 783. As in *McConn*, the plaintiffs here "have not shown that these terms are clearly arbitrary and unreasonable." *Id.* Thus, plaintiff cannot survive this summary judgment motion on this claim even if the Court construes the evidence most favorably to the plaintiffs.

The *Inhabitants of Boothbay v. National Advertising Co.*, 347 A.2d 419, 81 A.L.R.3d 474 (Me.1975) case which involved billboards rather than portable signs, suggests no due process violation occurred here even if the Smyrna Ordinance banned portable signs. In upholding an ordinance prohibiting all off-premise billboards and advertising signs, the Supreme Judicial Court of Maine observed:

> We cannot say that the expectancy of maintaining a billboard rises to the level of an immutable or vested right.... Every regulation or reasonable prohibition is an impairment of the interests of the industry in the conduct of its affairs. Yet we cannot say on that account that every regulatory impairment must be accompanied by compensation. Within the confines of the constitution and the enabling statutes, the police power is plenary. The police power would be throttled if its every impairment of a private interest entailed compensation for the constraint imposed.

*Boothbay*, 347 A.2d at 424, 81 A.L.R.3d at 483. The plaintiffs simply do not have a vested property right that the Smyrna Ordinance confiscated. Accordingly, their due process claim is unmeritorious.

## V. PLAINTIFFS' CONTRACT CLAUSE CASE

■ The plaintiffs complain that the Smyrna Ordinance unreasonably impairs their right to contract under Article I, Section 10 of the United States Constitution. Plaintiffs leased numerous portable signs to organizations and merchants in Smyrna, Tennessee. The leases were signed before enactment of the ordinance.

The Court GRANTS defendant's motion for summary judgment pertaining to the contract clause. As in the due process claim discussed above, the reasoning of *Sign Supplies of Texas v. McConn*, 517 F.Supp. 778 (S.D.Tex.1980) and *Inhabitants of Boothbay v. Nat'l Advertising Co.*, 347 A.2d 419, 81 A.L.R.3d 474 (Me. 1975) apply to the case at bar. The *McConn* and *Boothbay* courts held that the mere regulation of signage does not establish an unconstitutional impairment of sign owners' contractual rights with lessees. As a general rule, the exercise of governmental police power to protect life, health and public safety is paramount to the contractual rights of individuals. *McConn*, 517 F.Supp. at 784 (*citing Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978)).

Supreme Court cases compel this Court to grant defendant's motion. In *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 241, 98 S.Ct. 2716, 2720, the Supreme Court held that "it is to be accepted as a commonplace that the Contract Clause does not operate to obliterate the police power of the States." In *United States Trust Co. v. New Jersey*, 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977), the Court recognized that the absolute language of the Clause must permit "the essential attributes of sovereign power ... necessarily reserved by the States to safeguard the welfare of their citizens." *Id.* at 21, 97 S.Ct. at 1517. The "[l]egislation adjusting the rights and responsibilities of contracting parties must be upon reasonable conditions and of a character appropriate to the public purpose justifying its adoption." *Id.* at 22, 97 S.Ct. at 1518.

Here, even in a light most favorable to the plaintiffs, the evidence shows that the defendant satisfies the reasonableness requirement of *Trust Co.* Moreover, unlike *Trust Co.*, in which the state itself was a party to the contract affected by the legislation, the town of Smyrna did not use this ordinance to alter their contractual obligations. For the reasons discussed above, summary judgment for defendant on the Contract Clause claim is appropriate.

## SUMMARY

The Court has considered defendant's summary judgment motion to dismiss plaintiffs' First Amendment, due process, and Contract Clause claims. The Court DENIES defendant's motion pertaining to the First Amendment claim, but GRANTS defendant's motion regarding the due process and Contract Clause claims. Thus, only plaintiffs' First Amendment claim shall go forward.

An Order will be entered in accordance with the reasoning set forth in the contemporaneously filed Memorandum.