**Charles R. LaBAY**

v.

**TOWN OF PARIS, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 23, 1994.

Decided Feb. 16, 1995.

Robert S. Hark (orally), Isaacson & Raymond, Lewiston, for plaintiff.

Theodore H. Kurtz (orally), Kurtz & Hanley, South Paris, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and DANA, JJ.

CLIFFORD, Justice.

Charles R. LaBay appeals from the judgment entered in the Superior Court (Oxford County, *Alexander, J.*) affirming the decision of the Town of Paris Zoning Board of Appeals (Board). The Board granted LaBay a variance to replace a trailer in his mobile home park, but rejected his contention that the mobile home park is grandfathered as a preexisting land use, and therefore, is not subject to the Town's building code ordinance. We discern no error and affirm the judgment.

LaBay owns a mobile home park in Paris that has been in existence since 1959, when it was first licensed by the State. *See* 10 M.R.S.A. § 9021 (Supp.1994). The license permits five homes; at all times, the park has had four mobile homes in it. In 1972, the Town enacted a Code for Construction of New Buildings.[1] The mobile home and lot at issue do not meet the code's set back requirements. In its entirety, the park appar-

---

1. The Town also adopted the Trailer Ordinance and the Requirements for Mobile Home Park Developments in 1973. Neither of these is pertinent to this appeal.

ently does not meet the code's size requirements for operating a mobile home park.

In 1990, one of LaBay's tenants moved out of the park. LaBay applied to the Code Enforcement Officer for a building permit to replace the mobile home removed by the tenant with a new one. The permit was denied because the replacement unit in the same location would not meet the set back requirements of the building code.[2] LaBay then applied for a variance from the Board. The Board denied his application following a public hearing. Pursuant to M.R.Civ.P. 80B, LaBay brought an action in Superior Court seeking to vacate the Board's decision. He also sought a declaratory judgment that the ordinance could not be applied to him. *See* 14 M.R.S.A. §§ 5951–5963 (1980). The Superior Court vacated the Board's denial of LaBay's application for the variance and remanded the matter for findings of fact as to the bases for the denial.

■ Following an appeal from a second Board decision adverse to LaBay, the Superior Court ordered the Board to grant LaBay a third hearing based on lack of adequate notice. Following this hearing, the Board approved LaBay's petition for a variance. Nonetheless, LaBay again appealed, contending, as he did before the Board, that the building code does not apply to his mobile home park. The Superior Court rejected his contentions and this appeal followed.[3] Because the Superior Court made its decision solely from the administrative record developed before the Board, we review the record directly to determine if the Board abused its discretion, committed an error of law, or made findings not supported by substantial evidence. *Sanford Properties, Inc. v. Town of Sanford*, 609 A.2d 287, 288 (Me.1992); *Keith v. Saco River Corridor Comm'n*, 464 A.2d 150, 153 (Me.1983).

■ LaBay contends that he has a vested right to the use of his property as a mobile home park containing at least four mobile homes. He argues that the building code is in the nature of a zoning ordinance that constitutionally may be applied only prospectively, and accordingly, cannot apply to the use of his property. As a result, he concludes that he is entitled to replace an individual mobile home without the necessity of a variance. We are unpersuaded by his argument.

■ The Town's building code ordinance on its face does not address land usage. It covers "new construction, alterations, renovations, relocation and replacement of any buildings," and includes minimum construction standards, required building materials for roofs and chimneys, and floor area minimums, as well as lot size requirements. The provision applies uniformly to all buildings in the Town, with a grandfather clause exception for existing buildings.[4] Because the ordinance regulates in a general and uniform city- or town-wide manner, it does not constitute zoning, which is the "particularistic division of the city into zones for the purpose of applying different proscriptions and 'reasonable application of different regulations' in the different zones." *Benjamin v. Houle*, 431 A.2d 48, 49 (Me.1981) (quoting language

---

2. Section 5A of the building code reads as follows:

No building or mobile home shall be placed on a lot unless it is set back from the edge of the street, accepted town road or public right of way, at least 25 feet or unless there is a common line established by existing buildings. No building or mobile home shall be placed on a lot unless it is 20 feet from an adjoining lot line, but a single-story garage may be placed 10 feet from the lot line.

3. The procedural posture of this case is somewhat confusing. LaBay's complaint contained two counts. The first count was brought pursuant to M.R.Civ.P. 80B and sought to overturn the Board's denial of his application for a variance.

Count II sought a declaratory judgment that his mobile home park is grandfathered and not subject to the building code. Although an order entered early in the case by the Superior Court indicated that the case would proceed only on the Rule 80B administrative appeal, LaBay's petition for a variance was granted by the Board. An action for a declaratory judgment is an appropriate procedural vehicle for LaBay to test his contention that his mobile home park is grandfathered and not subject to the building code. We therefore treat his appeal as being from the court's failure to issue such a declaratory judgment.

4. In addition to grandfathering existing buildings, the ordinance also allows burned buildings to be replaced.

from zoning definition in statutory predecessor to 30–A M.R.S.A. § 4301(15–A) (Supp. 1994)) (holding that ordinance prohibiting gravel removal from *any* land in city was not zoning regulation); *see also Town of Boothbay v. National Advertising Co.*, 347 A.2d 419, 421–22 (Me.1975) (regulation of off-premises signs and billboards found to be valid exercise of town's general police powers, not zoning).

 A building code is a valid exercise of the Town's police power,[5] provided it does not offend due process under the United States and Maine Constitutions.[6] *See Town of Boothbay*, 347 A.2d at 422. If the ordinance " 'bear[s] a reasonable relationship to the public health, safety, morals, or general welfare' and '[is not] unreasonable, arbitrary, or discriminatory based upon the reasonably foreseeable future development of the community,' " it will satisfy due process requirements. *Stewart v. Town of Durham*, 451 A.2d 308, 311 (Me.1982) (quoting *Warren v. Municipal Officers of Gorham, Me.*, 431 A.2d 624, 627 (Me.1981)). Generally, there is a presumption of the constitutional validity of municipal ordinances. *Town of Boothbay*, 347 A.2d at 422. We have found provisions similar to the one here not to be violative of due process. *See Stewart*, 451 A.2d at 311 (no due process violation when grandfather clause of town ordinance struck reasonable balance between speedy achievement of town's legitimate planning goals and the interests of those town residents who moved mobile homes into town before ordinance was enacted); *see also Town of Sullivan v. Whalen*, 534 A.2d 973, 974 (Me.1987) (upholding ordinance prohibiting mobile home owner from replacing destroyed mobile home at different mobile home park site without permit); *Town of Boothbay*, 347 A.2d at 422–23 (no due process issue when ordinance prohibited off-premises billboards).

LaBay's contention that he is entitled to operate a mobile home park with at least four units by virtue of a license for that number obtained prior to the enactment of the Town's ordinances, and that he need not obtain a permit to replace any of the units nor obtain a variance when the replacement site does not conform to the code requirements, is contradictory to our prior precedents. In *Whalen*, we upheld the provision of an ordinance providing that the owner of a nonconforming mobile home park licensed for six homes could not install a new unit on a site different from the burned home it was replacing without obtaining a permit to alter the park. 534 A.2d at 974; *see also Gagne v. City of Lewiston*, 281 A.2d 579, 580, 582 (Me.1971) (ordinance providing that "[a] building of nonconforming use may be enlarged or altered or additional buildings may be erected on the same or an adjacent parcel of land" did not allow the demolition and replacement of an old garage with a new one); *cf. Stewart*, 451 A.2d at 310 (proper construction of grandfather clause in zoning ordinance designed to contain mobile homes within mobile home parks explicitly permitted maintenance, replacement, or sale of existing mobile homes at their original locations, but not the movement of an existing home to another lot within town's borders); *Town of Windham v. Sprague*, 219 A.2d 548, 548 (Me.1966) (zoning ordinance requiring mobile homes be contained in trailer parks was applicable to prevent owner from substi-

---

5. Municipalities may enact ordinances and regulations as long as they "conform to the enabling legislation by which the legislature has delegated police powers" to towns and cities. *Town of Boothbay*, 347 A.2d at 422; *see* 30–A M.R.S.A. §§ 3001, 3007 (Supp.1994) (defining legislative grant of ordinance-making power to municipalities and specific limitations on certain aspects of that power); *see also* Me. Const. art. VIII, pt. 2, § 1 (municipalities granted home rule; legislature prescribes procedures by which municipality may act); 30–A M.R.S.A. § 2101 (Supp.1994) (implementation of home rule powers granted by state constitution); 30–A M.R.S.A. §§ 4301–4452 (Supp.1994) (statutory grant of municipal au-

thority for planning and land use regulation). Even when validly enacted, an ordinance can effect the equivalent of an unconstitutional taking if it imposes conditions that deprive the owner "to a substantial extent of the usual incidents of land ownership." *Clardy v. Town of Livermore*, 403 A.2d 779, 782 (Me.1979). The grandfather clause in this ordinance avoids any concern that there has been a taking from LaBay. *See id.* The validity of the enactment of the ordinance has not been raised on appeal.

6. *See* U.S. Const. amends. V, XIV; Me. Const. art. I, § 6–A.

tuting new trailer for old, nonconforming one).

The Superior Court committed no error when it declined to issue a declaratory judgment that LaBay's mobile home park was free from the reach of the Town's building code.

The entry is:

Judgment affirmed.

All concurring.