1998 ME 179

## FERRAIOLO CONSTRUCTION CO., INC.

### v.

## TOWN OF WOOLWICH.

Supreme Judicial Court of Maine.

Argued May 5, 1998.

Decided July 17, 1998.

---

Edmond J. Bearor, Rudman & Winchell, L.L.C., Bangor, for plaintiff.

Eliot Field, Wiscasset, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, DANA, and SAUFLEY, JJ.

SAUFLEY, Justice.

[¶ 1]  Ferraiolo Construction Co., Inc. appeals from a summary judgment entered in the Superior Court (Sagadahoc County, *Perkins, A.R.J.*) in favor of the Town of Woolwich.  Ferraiolo contends, *inter alia,* that the Woolwich Earth Material Extraction Ordinance is unconstitutional because it is not rationally related to a legitimate purpose and was enacted for an improper purpose.  Finding no constitutional infirmity in the ordinance, we affirm.

[¶ 2]  Intending to conduct a bedrock extraction operation, Ferraiolo purchased a 163–acre parcel of land in a rural district in Woolwich near Dana Mills Road in November 1992.  At that time, the Woolwich Planning Ordinance prohibited all commercial and industrial uses in rural districts in the Town.  Additionally, the Town's Growth Management Plan, adopted in 1991, restricted "[s]mall scale ledge mining" and prohibited "[l]arge-scale commercial operations ... because of their potential significant impacts on the natural environment and neighborhoods."

[¶ 3]  In February 1993, Frank Ferraiolo, vice president of the corporation, attended a meeting of the Woolwich Planning Board and informally told members of the Woolwich Board of Selectmen about the company's intended use for the land near Dana Mills Road.  The Company, however, took no for-

mal action to begin that use of the land until 1996.

[¶ 4] In June 1993, the Town enacted the Woolwich Mineral Extraction Ordinance pursuant to its home rule authority. See 30–A M.R.S.A. §§ 2101–2109 (1996). The stated purpose of the ordinance is to:

> promote and protect the public health, safety and welfare by providing (a) that small scale extraction and movement of earth materials may be done without review and (b) that larger scale extraction and movement be done in accordance with certain standards as to protect the environment, maximize compatibility between adjacent land uses and protect property values.

The extraction ordinance provides that "earth material extraction and movement shall be a permitted use in the Residential and Rural Districts ... provided it complies with all terms and provisions of this Ordinance."[1] The ordinance requires a permit for any earth material movement or extraction, but prohibits "ledge mining of more than 5000 cubic yards, measured in place, in any 12 month period ... in all districts within the Town of Woolwich."

[¶ 5] In April 1996, Ferraiolo applied for a permit to extract more than 5,000 cubic yards of material from the Dana Mills Road parcel. After determining that the proposed use was not permitted under the ordinance, the Planning Board denied the application. On Ferraiolo's appeal, the Board of Appeals also denied the application, without giving Ferraiolo notice of the hearing.

[¶ 6] Ferraiolo filed a two-count complaint against the Town. The first count alleged, pursuant to M.R. Civ. P. 80B, that the Board of Appeals violated Ferraiolo's due process rights by denying its application at a hearing conducted without notice to Ferraiolo. The second count set forth an "independent claim for declaratory relief," alleging that the extraction ordinance "effectively prohibit[ed] all commercial extraction operations in the Town of Woolwich[,]" and seeking a declaration that the ordinance was "invalid." Ferraiolo and the Town each moved for a summary judgment on the second count of the complaint. The material facts were not in dispute. The parties agreed on the nature of the work for which the permit was sought and that the extraction ordinance, if valid, applied to the application.

[¶ 7] Following a hearing, the court denied Ferraiolo's motion and granted the Town's. The court recognized that Ferraiolo failed to notify the Attorney General as required by 14 M.R.S.A. § 5963 (1980),[2] but held that such failure was moot in view of its conclusion that the ordinance was constitutional. The court then rejected Ferraiolo's substantive due process argument because the record did not establish "that the ordinance is without any rational basis or connection to the Town's legitimate interests under the police power[.]" The court was also unable to conclude that "a restriction on the rate of extraction is not rationally related to a legitimate Town interest." As to the Town's motion, the court found that the extraction ordinance was, in all pertinent respects, consistent with the Town's comprehensive plan and that the factual allegations, viewed in the light most favorable to Ferraiolo, did not establish that the ordinance lacked a rational basis or did not further a legitimate interest of the Town. From the judgment in favor of the Town, Ferraiolo appealed. The sole challenge raised by Ferraiolo on appeal is the legality of the extrac-

---

1. The ordinance defines "earth material extraction or movement" as "any filling, grading, lagooning, dredging, excavation, processing and storage of soil, earth, loam, sand, gravel, rock, peat or other mineral or organic deposits in, on or from the earth."

2. Section 5963 provides:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration and no declaration shall prejudice the rights of persons not parties to the proceeding. *In any proceeding which involves the validity of a municipal ordinance* or franchise, such municipality shall be made a party and shall be entitled to be heard, and *if the statute, ordinance or franchise is alleged to be unconstitutional, the Attorney General shall be served with a copy of the proceeding and be entitled to be heard.*

14 M.R.S.A. § 5963 (1980) (emphasis added).

tion ordinance addressed in Count II of its complaint.[3]

[¶ 8] To obtain relief pursuant to the Uniform Declaratory Judgments Act, 14 M.R.S.A. §§ 5951–5963 (1980), a party must comply with the statute. *See McNicholas v. York Beach Village Corp.,* 394 A.2d 264, 267–68 (Me.1978). In a declaratory judgment action involving the validity of a municipal ordinance, the plaintiff is required to serve a copy of the proceeding on the Attorney General. *See* 14 M.R.S.A. § 5963 (1980). Because Ferraiolo did not comply with this requirement, the trial court should have dismissed Ferraiolo's claim for a declaratory judgment. *See LaFleur ex rel. Anderson v. Frost,* 146 Me. 270, 277, 80 A.2d 407, 411 (1951); *cf. McNicholas,* 394 A.2d at 268; *Ace Tire Co. v. Municipal Officers of Waterville,* 302 A.2d 90, 94 (Me.1973). The trial court incorrectly concluded that Ferraiolo's failure to comply with the statute was moot. This conclusion, although expedient, overlooks the possibility of appeal and forecloses the opportunity for intervention by the Attorney General which the Legislature undoubtedly intended when it enacted section 5963. Accordingly, the failure to notify the Attorney General typically would remain a barrier to appellate review. Rather than dismiss the appeal, however, and in the interest of judicial economy, we required Ferraiolo to notify the Attorney General of the pendency of the appeal. After notification and consideration of the issues, the Attorney General declined to file a brief or otherwise participate in the appeal. We therefore reach the merits of Ferraiolo's appeal.

■■■■ [¶ 9] Whether the ordinance at issue is valid presents a question of law. We review questions of law de novo. *See Seashore Performing Arts Ctr. v. Town of Old Orchard Beach,* 676 A.2d 482, 484 (Me.1996). An ordinance is ordinarily a valid exercise of a municipality's police powers provided the ordinance does not violate the Due Process Clauses of the Maine and United States Con-

stitutions.[4] *See LaBay v. Town of Paris,* 659 A.2d 263, 266 (Me.1995). These Clauses require (1) that a municipality's exercise of police power provide for the public welfare (2) that the legislative means employed are appropriate to achieve the ends sought and (3) that the manner of exercising the power is not unduly arbitrary or capricious. *See Nugent v. Town of Camden,* 1998 ME 92, ¶ 18, 710 A.2d 245, 249; *see also State v. Rush,* 324 A.2d 748, 753 (Me.1974). The ordinance is cloaked with a presumption of constitutionality, *see F.S. Plummer Co. v. Town of Cape Elizabeth,* 612 A.2d 856, 859 (Me.1992), and Ferraiolo, as the party challenging the ordinance, had the burden of "establish[ing] the complete absence of any state of facts that would support the need for the enactment." *Tisei v. Town of Ogunquit,* 491 A.2d 564, 569 (Me.1985).

■■■ [¶ 10] Thus, Ferraiolo must show that there are no facts supporting a finding that the ordinance is an exercise of the Town's authority to promote the public welfare. The stated purposes of the planning ordinance include protection of property values and the environment, as well as the maximization of compatibility between adjacent land uses. Contrary to Ferraiolo's assertions, these are legitimate objectives of the exercise of the Town's police powers. *See, e.g., Gorham v. Town of Cape Elizabeth,* 625 A.2d 898, 900 (Me.1993) (protection of property values); *F.S. Plummer Co. v. Town of Cape Elizabeth,* 612 A.2d at 860 (protection of environment and water quality); *cf. Buker v. Town of Sweden,* 644 A.2d 1042, 1044 (Me.1994) (reduction of development pressures on environmentally sensitive areas).[5]

[¶ 11] Ferraiolo next argues that the ordinance represents a complete prohibition of extraction operations and accordingly is an inappropriate means for the achievement of the Town's goals. The ordinance, however, does not completely prohibit extraction oper-

---

**3.** At oral argument, Ferraiolo conceded that it has abandoned Count I.

**4.** *See* Me. Const. art. I, § 6–A; U.S. Const. amend. XIV.

**5.** Aspects of the Site Location Development Law, 38 M.R.S.A. §§ 481–490 (1989 & Pamph.1997) repudiate Ferraiolo's claim that restrictions on mining bear no logical nexus to protection of the environment.

ations. It allows earth movement or extraction in any district as long as a permit is obtained and, although ledge mining is limited, it is not completely proscribed.[6] Nor does Ferraiolo's argument that it may not be able to conduct a profitable extraction operation on the land if it is subjected to the ordinance's limitations mean that the ordinance is inappropriate to achieve the ends sought.[7]

[¶ 12] Finally, Ferraiolo did not meet its burden of establishing that the ordinance was unduly arbitrary or capricious. Although Ferraiolo contends that the extraction ordinance was enacted in response to its statements concerning the intended use for the property, the record does not support this contention. The Town's planning ordinance prohibited all business and industry in rural districts when Ferraiolo acquired its parcel in November 1992. Moreover, the Town's Growth Management Plan, adopted in 1991, prohibited "large-scale commercial [ledge-mining] operations ... because of their potential significant impacts on the natural environment and neighborhoods." In fact, the prohibitions on commercial extraction in effect before Ferraiolo acquired the land were more restrictive than the one to which Ferraiolo now objects. The court did not err as a matter of law in concluding that Ferraiolo failed to meet its burden of proving the absence of any set of facts supporting the need for the ordinance. *See Tisei v. Town of Ogunquit,* 491 A.2d at 569.

The entry is:

Judgment affirmed.

---

6. Other jurisdictions have upheld similar ordinances restricting mining and quarrying activities as rationally related to legitimate municipal interests. *See, e.g., American Aggregates Corp. v. Highland Township,* 151 Mich.App. 37, 390 N.W.2d 192 (1986); *G.M.P. Land Co. v. Board of Supervisors,* 72 Pa.Cmwlth. 591, 457 A.2d 989 (1983).

7. In this regard, we note that Ferraiolo has not claimed that its land was unconstitutionally taken without payment of just compensation.