■ LYMAN E. KIPP et al., Respondents, v. INCORPORATED VILLAGE OF ARDSLEY et al., Appellants. JOHN KING, Respondent, v. INCORPORATED VILLAGE OF ARDSLEY et al., Appellants.— In each action, for judgment declaring void the Building Code of the Village of Ardsley insofar as it imposes a 10-foot front yard setback restriction, to enjoin defendants from enforcing such restriction, and for other relief, defendants appeal from an order and judgment (one paper) of the Supreme Court, Westchester County, dated August 30, 1960, and entered September 8, 1960, which denied their cross motion for summary judgment under rule 113 of the Rules of Civil Practice; granted plaintiffs' motion for summary judgment; declared null and void the setback restriction insofar as it affects plaintiffs' property; and granted plaintiffs related relief. Plaintiffs contended that the legislative source of power to establish setback lines was not section 90-a of the Village Law, pursuant to which the Building Code was enacted, but subdivision 30 of section 89 as implemented by article VI-A (§ 175 *et seq.*) of the Village Law; and that the conceded failure by the village, in adopting the Building Code, to

comply with the requirements of section 178 as to notice rendered the Building Code null and void insofar as it attempted to establish setback lines. Plaintiffs also argued that even if the village was empowered to promulgate setback restrictions by section 90-a of the Village Law, that section of the Building Code was invalid for failure to provide a procedure for obtaining a variance in cases of practical difficulties or unnecessary hardships. The learned Justice at Special Term did not pass upon the question of the source of the village's power to require setback lines or the necessity, in so doing, of complying with section 178 of the Village Law. He held only that the restriction was void because the Building Code did "not provide the plaintiffs with any way to test the reasonableness of the ordinance in relation to their property". In each action, order and judgment affirmed, with $10 costs and disbursements. A setback restriction is not necessarily a zoning matter (cf. *Matter of Van Auken* v. *Kimmey*, 141 Misc. 117, 118–119); and, in the absence of a zoning ordinance, setback lines may be established by a municipality under other appropriate statutory authorization (cf. *Headley* v. *City of Rochester*, 272 N. Y. 197; *McCavic* v. *De Luca*, 233 Minn. 372). However, we find no power conferred upon defendant village to require setbacks other than by subdivision 30 of section 89 and article VI-A of the Village Law. In our opinion, section 90-a of the Village Law, relied upon by defendants, authorizing the adoption of a building code to regulate "the construction, alteration, removal and inspection" of buildings, does not include the power to regulate or restrict the distance of structures from the street or building line. (Cf. *City of Stuttgart* v. *Strait*, 212 Ark. 126; *Romar Realty Co.* v. *Haddonfield*, 96 N. J. L. 117; *Wyeth* v. *Whitman*, 72 Fla. 40; *City of Miami Beach* v. *State ex rel. Fontainebleau Hotel Corp.*, 108 So. 2d 614, appeal dismissed and petition for certiorari denied 111 So. 2d 437 [Fla.].) That section is completely silent as to setbacks and building lines and refers to methods and materials of construction, alteration and removal, rather than to the location of buildings (cf. Executive Law, §§ 370, 375). The fact that the Legislature in 1921 saw fit to provide specifically for a village's authority to establish building lines by enacting subdivision 30 of section 89 of the Village Law (L. 1921, ch. 464), although section 90-a had been in effect since 1910 (L. 1910, ch. 202), indicates the legislative body's recognition that such authority had not been given by the prior enactment. Since the only authority for the adoption of setback restrictions is found in subdivision 30 of section 89 and article VI-A of the Village Law, and since it is conceded that an ordinance thereunder, enacted without compliance with the procedural requirements of section 178, is invalid (cf. *Matter of Schierloh* v. *Wood*, 230 App. Div. 788), the result reached at Special Term was correct. We, therefore, do not reach the question of whether the setback requirement is also invalid because of the failure of the Building Code to make provision for a variance in case of practical difficulties or unnecessary hardship. In any event, plaintiffs are in no position to raise that question, since there is no claim whatever in their pleadings or motion papers that their properties could not be practically or profitably used under the setback restriction. It is a fundamental principle of law that the constitutionality of a statute may be attacked only by one whose rights have been affected by the operation of the statute, and constitutionality of an act will not be considered on the application of a litigant unless he shows by proper pleading that he comes within the scope of the act and that it would cause him injury (see, e.g., *People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387, 396; *Headley* v. *City of Rochester*, 272 N. Y. 197, 204, *supra*; *Noyes* v. *Erie & Wyoming Farmers Co-op. Corp.*, 281 N. Y. 187, 195; *People ex rel. Buffalo & Fort Erie Public Bridge Auth.* v. *Davis*, 163 Misc. 192, 195, affd. 277 N. Y.

292; *Gorieb* v. *Fox*, 274 U. S. 603, 606). On the record presented, there is no such showing of injury, and the constitutional question may not be considered. Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur.