**TOWN OF WATERBORO**

**v.**

**Leo P. LESSARD and Germaine Lessard.**

**Leo P. LESSARD and Germaine Lessard**

**v.**

**BOARD OF APPEALS, TOWN OF WATERBORO.**

Supreme Judicial Court of Maine.

Feb. 11, 1972.

Waterhouse, Carroll & Cyr, by Robert N. Cyr, Biddeford, for plaintiff.

Smith, Elliott & Wood, by Roger Elliott, Saco, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY, WERNICK, and ARCHIBALD, JJ.

ARCHIBALD, Justice.

On appeal.

These two cases were consolidated, tried, and argued together in the Superior Court resulting in judgments adverse to the plaintiff in Docket #1744A and to the defendant in Docket #1760,[1] from which appeals were taken. The Superior Court had ruled that the Town's ordinance, as it related to side yard controls, was invalid.

In 1958 the Town adopted an ordinance containing this provision:

"Section 5—Boundary Lines

(a) A building or other structure shall not be constructed, reconstructed, or placed within twenty feet of a boundary line."

Mr. and Mrs. Lessard (Lessards) own lake front property on which they constructed a garage wilthin less than twenty feet of their boundary. In the Town's action injunctive relief was sought and, in the Lessards' action, an appeal was attempted from a refusal of the building inspector to issue a permit for such construction, it being asserted that the Town's "Board of Appeals" wrongfully ruled on the appeal. The building inspector acted on the premise that the garage was to be constructed partially within the twenty foot restricted area. The "Board of Appeals" sustained his position.

All other issues raised are subordinate to the prime question; namely, the validity of § 5(a). If this provision is invalid the Town has no basis for demanding injunctive relief, nor is the refusal to grant a permit to construct the garage based on a valid reason.

30 M.R.S.A. § 2151, originally enacted by Public Laws of 1957, ch. 405, § 3(IV), provides:

"A municipality may enact police power ordinances for the following purposes:

· · · · · ·

4. Buildings, structures, trailers and equipment.

A. Regulating the design, construction materials and construction of new

---

1. The record before us, by error, reversed the York County Superior Court docket numbers of the two cases. Counsel have filed a corrective stipulation agreeing that the Clerk's docket should reflect the following entry: "Judgment for Defendant in Case # 1744A [Town v. Lessards]. Judgment for Plaintiff [sic] in Case # 1760 [Lessards v. Board of Appeals]."

**128**

buildings and additions to and alterations of existing buildings; regulating the alteration, demolition, maintenance, repair, use, change of use, safety features, light, ventilation and sanitation facilities of all buildings; . . . requiring permits and establishing reasonable permit fees for all the operations mentioned in this paragraph."

The Legislature in 1957 (P.L.1957, ch. 405, § 61(II), likewise enacted the following statute:

"A. A municipality *which has a planning board* may enact a zoning ordinance dividing it into zones consistent with the proper development of the municipality. The zoning ordinance may regulate the following:

1. *Location and use* of real estate for industrial, commercial, residential and other purposes.

2. Construction, height, number of stories, area and bulk of all structures.

3. Size and open spaces of real estate.

4. Population density.

5. Setback of structures along ways of public property." (Emphasis supplied.)

30 M.R.S.A. § 4953 retains the identical language.

The basic issue is whether § 5(a) of the municipal ordinance is authorized by 30 M.R.S.A. § 2151.

In 1925 the Legislature saw fit to ask the Justices of the Supreme Judicial Court whether the Legislature had the right to adopt an enabling act authorizing municipalities to adopt ordinances regulating the "percentage of a lot that may be occupied, the size of yards, courts and other open spaces." The Court deemed this language to establish "building lines," an area of regulation not justified under the police power. Opinion of the Justices (1925), 124 Me. 501, 510, 128 A. 181, 185.

The 1925 proposed bill was not enacted and the zoning enabling act then adopted, by ch. 209, § 1, P.L.1925, was limited to cities of over "thirty-five thousand inhabitants and village corporations." In 1927 (ch. 172, P.L.1927) the act was amended to include "cities, towns and village corporations." These early acts authorized ordinances restricting buildings to specified zones with power to adopt "certain regulations in respect to their construction and use."

We construe these acts as adopting the legal interpretation given to building lines in 1925; namely, that they could not be regulated under a police power ordinance.

The Legislature in 1943 (P.L. ch. 199), repealed the prior act (R.S.1930, ch. 5, § 137–44), which was an extension of the 1927 Act, and adopted this language:

"Sec. 1. Planning and zoning powers of municipalities. The legislative body of any city and the inhabitants of any town may provide for a planning board, for the preparation by it of coordinated plans for the development of such municipality and for their enforcement. For this purpose they may, in such measure as is deemed reasonably necessary in the interest of health, safety or the general welfare, regulate and restrict the location and use of buildings, structures and land for trade, industry, residence, or other purposes; the height, number of stories, area, bulk, and construction of buildings and other structures; the size and width of lots and of yards and other open spaces thereon; the density of population; the set back of buildings along streets, parks, or public waters . . . ."

The same provisions became incorporated in the subsequent enactments. R.S. 1944, ch. 80, §§ 84–89; R.S.1954, ch. 91, §§ 93–99.

In 1957 the act was again amended by ch. 405, §§ 61–63, as previously set forth and is now 30 M.R.S.A. §§ 4953–4955.

■ Thus it is apparent that location of buildings, size and open spaces of real estate, population density, and setback of structures along ways, are matters which our Court has interpreted as dealing with the establishment of building lines. Opinion of Justices, supra. These areas have consistently been the subject of zoning legislation and are not found within the so-called "police power" ordinances.

This conclusion is fortified by a study of the history of "police power" ordinances as presently reflected by 30 M.R.S.A. § 2151, sub. 4, par. A. Words comparable to the present statute were first adopted by the Legislature in 1939 (ch. 137) when it authorized municipalities to adopt ordinances "[r]elating to the design, materials of construction, construction, alteration, maintenance, repair and use of buildings. . . ." Since 1943 the "zoning" and "police power" authorizations have run simultaneous but parallel courses serving different purposes.

The language of 30 M.R.S.A. § 2151, sub. 4, par. A is that usually found in building codes as distinguished from zoning ordinances, there being a basic distinction between them. Stabilizing the use of property within an area, and protecting it from inconsistent and incompatible uses, typifies the purpose of a zoning regulation, whereas the building codes are primarily concerned with the safety features of structures. Enos v. City of Brockton (1968), 354 Mass. 278, 236 N.E.2d 919.

We approach the problem by deciding whether the ordinance in issue is valid under certain basic and well established rules.

"It is an accepted rule that when a municipal corporation is empowered by express grant to make by-laws or ordinances in certain cases and for certain purposes, its power of legislation is limited to the cases and objects specified. . . . And it is held that if a by-law or ordinance as drawn is outside the scope of the grant and exceeds the powers to legislate conferred upon the municipality, it is invalid." State v. Brown (1936), 135 Me. 36, 38–39, 188 A. 713, 714–715.

"A zoning ordinance, like any other statute which is in derogation of the common law, must be strictly construed." Forest City, Inc. v. Payson (Me.1968), 239 A.2d 167, 169.

■ Is the twenty foot setback requirement of § 5(a) within the scope of § 2151? We do not believe it is and our conclusion is consistent with authority elsewhere. We have in mind that § 4953 authorizes ordinances dealing with the *location, use and open spaces* of real estate, words that have been construed to relate to building lines.

Construing a statute very similar to § 2151, the Arkansas Court said: "It [the statute] neither expressly nor impliedly authorizes the establishment of building and setback lines." City of Stuttgart v. Strait (1947), 212 Ark. 126, 205 S.W.2d 35, 39. There the City did not have a planning commission, a prerequisite to zoning, and the Court ruled that the City was without authority to establish building lines under a building code ordinance. Id.

In Kipp v. Incorporated Village of Ardsley (1961), 13 A.D.2d 1012, 216 N.Y.S. 2d 893, the Court, in construing the authority to enact a setback restriction, absent a zoning ordinance, held:

"In our opinion, § 90–a of the Village Law . . . authorizing the adoption of a building code to regulate 'the construction, alteration, removal and inspection' of buildings does not include the power to regulate or restrict the distance of structures from the street or building line. That section is completely silent as to setbacks and building lines and refers to methods and materials of construction, alteration and removal rather than to the location of buildings. . . ." *See also* City of

Miami Beach v. State ex rel. Fontaine-bleau Hotel Corp. (Fla.1959), 108 So.2d 614.

McQuillan, Mun.Corp. (3rd Ed.), § 24.-541 puts it in this language:

"Power to regulate the construction of dwellings does not authorize the establishment of a building line. Nor . . . does a statute empowering cities to regulate buildings, to require building permits and to compel removal of certain buildings give a city authority to establish building lines."

■ It was agreed that the Town did not have a zoning ordinance. Therefore, it lacked authority to enact ordinances going beyond the scope of § 2151. Side yard limitations, such as that attempted by § 5(a) of the Town's ordinance, can only be regulated under by-laws adopted pursuant to § 4953. We hold that the Town was without authority to limit the location on which the Lessards might construct their garage.

The other issues [2] raised by the Town's appeal become moot in view of our holding that § 5(a) is without the scope of the power conferred upon the Town by § 2151 and is, therefore, invalid.

■ The Lessards' complaint was an attempt to appeal (M.R.C.P., Rule 80B) from from the decision of the "Board of Appeals," in which it refused to grant a building permit, assigning the following reasons:

"Appeal Board feels that the permit should not be issued because of being too close to adjoining owners line. It being 15 feet and code requires 20'."

§ 2151, sub. 4, par. C, subpar. 5 by its terms establishes the *municipal officers* as a board of appeals, vesting them with the authority to review the decisions of the building inspector. It was stipulated that the members of the "Board of Appeals" "did not have identity either singularly or cumulatively with the municipal officers." The decision appealed from, therefore, was without legal effect.

The zoning enabling statute (30 M.R.S.A. §§ 4953–4955) provides for the appointment of a board of appeals consisting of three members and one associate member, the municipal officers not being qualified to be members of this board. § 4954, sub. 1, pars. A, C. However, the appointment of such a board is premised on the existence of a *planning board*. Without a planning board a municipality is precluded from adopting a zoning ordinance. § 4953, sub. 1.

■ Apparently the town's municipal officers acted under the assumption that the adoption of a building code under § 2151 empowered them to appoint a board of appeals under § 4954. In so doing, they acted without authority. City of Stuttgart v. Strait, supra.

In the Lessards' complaint they asked that the decision of the "Board of Appeals" be vacated and there was no error on the part of the Justice below in ordering a judgment for the Lessards since the ruling appealed from was a nullity.

The Lessards also ask that the Court might issue such other order "as it may deem necessary and proper." The defendant in this action is the "Board of Appeals," which we have held to be legally non-existent. Any order that the Court might issue against it could not be effectively enforced.

The entries are:

Appeal denied in Town of Waterboro v. Lessards (Docket #1744A). Appeal dismissed in Lessards v. Board of Appeals (Docket #1760).

2. "2. Did the court below err in holding that this Ordinance is unreasonable when applied to the Town of Waterboro?

3. Did the court below err in holding that the Town of Waterboro must prove that the Ordinance promotes the general welfare?

4. Did the court below err in ruling that an ordinance such as this unreasonably interferes with use of property?

5. Is the ordinance reasonable with respect to Lessard?"