2001 ME 137

Peter **BRAGDON** et al.

v.

**TOWN OF VASSALBORO.**

Supreme Judicial Court of Maine.

Argued Sept. 10, 2001.

Decided Sept. 27, 2001.

John E. Nale (orally), Nale Law Offices, L.L.C., Waterville, for plaintiffs.

Alton C. Stevens (orally), Marden, Dubord, Bernier & Stevens, Waterville, for defendant.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] Peter Bragdon and Stephen Ellis appeal from a judgment entered in the Superior Court (Kennebec County, Studstrup, J.) affirming the decision of the Vassalboro Planning Board approving C & C Distributors, Inc.'s application for a site permit to construct an aluminum products manufacturing facility. Bragdon and Ellis contend that the Superior Court erred in: (1) finding that the Town could adopt a site review ordinance without first adopting either a comprehensive plan or a zoning ordinance; (2) finding that the performance standards and general provisions in the Town's site review ordinance were valid; and (3) affirming the Planning Board's decision, absent written findings of fact by the Planning Board, in violation of their due process rights. Finding no error in the Town's application of its site review ordinance, we affirm.

## I. CASE HISTORY

[¶ 2] On April 19, 2000, C & C Distributors, Inc. (C & C) submitted a site plan application to the Vassalboro Planning Board for construction of a light manufacturing facility in a hayfield lying adjacent to property owned by Bragdon and Ellis. The facility was to include a one-story 110' × 120' production building and a two-story 30' × 40' office building to support manufacture of trailers and other fabricated aluminum products.

[¶ 3] In April 2000, the Planning Board held a hearing focusing on the performance standards listed in the site review ordinance. Following the hearing, the Board unanimously approved C & C's application, and the Vassalboro Code Enforcement Officer issued a building permit. Bragdon and Ellis appealed the Board's decision to the Superior Court pursuant to M.R. Civ. P. 80B.[1] The Superior Court

1. The Town does not have a zoning board of appeals. See Vassalboro, Me., Site Review

affirmed the Board's decision, and this appeal followed.

## II. DISCUSSION

 [¶ 4] When the Superior Court acts as an intermediate appellate court, we directly review "the operative decision of the municipality" which, in this case, is the Planning Board. *Springborn v. Town of Falmouth*, 2001 ME 57, ¶ 8, 769 A.2d 852, 855 (quoting *Forbes v. Town of Southwest Harbor*, 2001 ME 9, ¶ 6, 763 A.2d 1183, 1186). The Board's decision "is reviewed 'for an abuse of discretion, error of law, or findings unsupported by substantial evidence in the record.'" *Id.*

 [¶ 5] Two of Bragdon and Ellis's contentions on appeal are quickly resolved. First, the Planning Board may not have issued written findings, but its minutes, also publicly available, reflect the Board's decision, and there was no request for supplemental findings after the Board's written decision was issued. There is no due process violation where an adequate basis for public understanding of the Board action exists and the issue was not called to the Board's attention by a request for supplemental findings.

 [¶ 6] Second, if some of the site review ordinance standards are too vague, as the Town concedes is possible, Bragdon and Ellis gain nothing. A standard that is too vague is a standard that is void. *Kosalka v. Town of Georgetown*, 2000 ME 106, ¶ 12, 752 A.2d 183, 186. A void site review standard cannot be applied to bar an application. When a site review standard is void for vagueness, the application must proceed without consideration of the standard. *Id.* Thus, opposing parties cannot successfully object to an approval of a project on the grounds that one of the standards under which approval was granted is too vague, for if the objectors prevail they gain nothing other than voiding the condition which, they contend, should have been applied more specifically.

 [¶ 7] Bragdon and Ellis also contend that the site review ordinance is invalid because (1) it was enacted without the Town first enacting a comprehensive plan; and (2) it constitutes a de facto zoning ordinance that fails to satisfy statutory requirements. The law governing comprehensive plans, 30–A M.R.S.A. § 4324, provides that a municipality "may prepare a local growth management program," but it is not required to do so. 30–A M.R.S.A. § 4324(1) (1996). As the Superior Court correctly noted, the Legislature in 1991 eliminated the mandate requiring towns to adopt comprehensive plans and zoning ordinances comprising a local growth management program. *See* House Amend. LL to L.D.1985, Statement of Fact (115th Legis.1991) ("This amendment eliminates the existing obligation of municipalities to adopt comprehensive plans and related zoning ordinances. All forms of state review of local planning efforts are eliminated."). However, a municipality that chooses to engage in a growth management program must adopt both a comprehensive plan and an implementation strategy. 30–A M.R.S.A. § 4326 (1996). A municipality that enacts a zoning ordinance is considered to be engaged in the implementation strategy phase of a growth management program for which the creation of a comprehensive plan is a mandatory prerequisite. *See id.* § 4326(3).

Ordinance § IX (June 1992) (stating that an "aggrieved party may appeal any decision of the [Planning] Board or the Code Enforcement Officer under this Ordinance to the Superior Court within thirty (30) days from the date of the written notice of such decision").

[¶ 8] A land use ordinance is "an ordinance or regulation of general application adopted by the municipal legislative body which controls, directs or delineates allowable uses of land and the standards for those uses." *Id.* § 4301(8) (1996). A zoning ordinance is a specific type of land use ordinance "that divides a municipality into districts" and "prescribes and reasonably applies different regulations in each district." *Id.* § 4301(15–A). Zoning involves the " 'particularistic division of the city into zones for the purpose of applying different proscriptions and ... regulations in the different zones.' " *LaBay v. Town of Paris,* 659 A.2d 263, 265–66 (Me.1995) (quoting *Benjamin v. Houle,* 431 A.2d 48, 49 (Me.1981)). Municipal ordinances that regulate "in a general and uniform city- or town-wide manner," such as a building code, do not qualify as zoning. *Id.* at 265.

[¶ 9] The site review ordinance at issue resembles a building code rather than a zoning ordinance. It does not regulate growth or determine where within a community a particular facility should be located. Instead it applies specific standards for construction on any site, without regard to the number or location of sites to be developed. No comprehensive plan is required before such a site review ordinance is adopted, and general state planning goals do not mandate to the contrary.

The entry is:

Judgment affirmed.