STATE OF MAINE
Knox. S.S., Clerks Office
SUPERIOR COURT

APR 2 2002

RECEIVED AND FILED
Susan Guillette, Clerk

STATE OF MAINE
KNOX, ss

PAM ALLEN, JO ELLEN
CARPENTER, DAVID
HOY, and ANNE HOY,

Plaintiffs

v.

TOWN OF ROCKPORT,
ROCKPORT PLANNING
BOARD, ROCKPORT ZONING
BOARD OF APPEALS, and THE
PENOBSCOT BAY YMCA,

Defendants

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-01-013

DECISION AND ORDER

On 4/18/01, the Town of Rockport Zoning Board of Appeals (ZBA) granted a special exception permit to the Penobscot Bay YMCA (YMCA) for the development of a recreational facility on Union Street in Rockport. R. 45. On 4/24/01, the YMCA filed a site plan application for development in three phases of the recreational center. R. 5. At a 5/9/01 Town of Rockport Planning Board (PB) meeting, the application was discussed and public comment was heard. R. 31-32. At a 6/27/01 PB meeting, the application was again discussed and public comment was heard. R. 34-35.

Between 6/27/01 and the next PB meeting on 7/11/01, the YMCA filed a modified site plan. R. 3. The YMCA requested approval of a single, modified plan

1

instead of only phase I of a three-phase project. The PB approved the amended plan at the 7/11/01 meeting. R. 37-38. On 7/17/01, the Town of Rockport Code Enforcement Officer (CEO) issued a building permit to the YMCA. R. 24.

At the 9/12/01 PB meeting, the PB discussed proposed findings of fact with regard to the 7/11/01 approval of the YMCA plan. R. 40. Public comment was heard. R. 40. On 9/18/01, the PB signed written findings of facts with regard to the 7/11/01 approval. R. 40; 42-43. No appeal of this PB action was filed.

On 8/10/01, the plaintiffs appealed to the ZBA. R. 46. Their appeal was denied on 9/19/01. R. 49-50. Pursuant to M.R. Civ. P. 80B, the plaintiffs now appeal the 7/11/01 decision of the PB and the 7/17/01 issuance of the building permit. For the following reasons, the plaintiffs' appeal is denied.[1]

## I. PROCEDURAL ISSUES

### 1. STANDING

Four plaintiffs remain: Pam Allen, Jo Ellen Carpenter,[2] and David and Anne

---

[1] The defendants argue that the plaintiffs have waived the following issues because they failed to raise those issues before the PB: parking space requirements; parking lot design; title and interest; water quality regulations; PB approval exceeds the ZBA special exception; late filing of plans; lack of opportunity for comments at 7/11/01 meeting; number of votes required for approval; timing of findings of fact; delegation of authority. See New England Whitewater Center, Inc. v. Dep't of Inland Fisheries and Wildlife, 550 A.2d 56, 58, 60-61 (Me. 1988). The record reveals that those issues were not raised by the plaintiffs. See R. 35; 37.

[2] The plaintiffs cite pages 351-353 of document 35 and argue that the PB Chairman agreed that Ms. Carpenter would be adversely affected by the traffic to and from the project. Pls.' Reply Mem. at 4; R. 35 at 351-53. This argument is not supported by the record.

Hoy. All live on Union Street in Camden. R. 46.[3] Plaintiffs Carpenter and Hoys wrote to the PB about their concerns, including increased traffic. R. 25. Plaintiff Carpenter spoke at the 6/27/01 PB meeting. R. 35 at 344-45. Plaintiff Allen did not appear before the PB. See Order of 3/22/02. In the appeal to the ZBA, the four plaintiffs are listed as citizens who would be adversely affected by the proposed facility. R. 46; 48.

The record reflects the potential for increased traffic on Union Street. R. 5; 25; 35; 43 at 463; see Laverty v. Town of Brunswick, 595 A.2d 444, 446 (Me. 1991) (threat of increased public use of area surrounding plaintiffs' home sufficient to confer standing in zoning appeal). Plaintiffs Carpenter and Hoys voiced their concerns before the PB and their appeal application sufficiently describes how they allege they were aggrieved by the PB decision. R. 46;[4] R. 51 at 584, § 704.1. The defendants are correct that Pam Allen has no standing to bring this appeal.

2.    LATE FILING OF PLANS

The plaintiffs argue that the amended plans filed on 7/5/01 by the YMCA were not filed sufficiently in advance of the 7/11/01 meeting as required by section 1302.4 of the Rockport Zoning Ordinance. R . 51; 52. The plaintiffs did not raise this issue at the 7/11/01 hearing. Although the plaintiffs argue that no public comment

---

[3]Plaintiffs' counsel argues that if "Jodi Carpenter does not have standing to bring this appeal, then no one does" and that "Jodi Carpenter lives on Curtis Street in Camden . . . ." She lives on Union Street. See Pls.' Mem at 23- 24; R. 25 at 170; 32 at 288; 35 at 344; 46 at 478.

[4]The plaintiffs argue that the defendants did not raise this issue before the ZBA. Pls.' Reply Mem. at 4. That argument is incorrect. R. 47 at 486.

was allowed at the 7/11/01 meeting, that argument is not supported by the record. Pls.' Mem. at 3, 8-9, 14, 18-19; Reply Mem. at 6, 8-9. Plaintiffs' counsel asked if public comment would be allowed and the PB member responded: "If I think it's appropriate I will." R. 37 at 383; cf. R. 36 at 373. No further attempt to comment was made by the plaintiffs' counsel. R. 37.

The language in section 1302.4 of the ordinances regarding filing deadlines applies to the site plan application. R. 51 at 661; 52 at 693-94. The application requirements can be modified or waived by the PB. R. 51 at 666.

3.   PUBLIC COMMENT AT 7/11 MEETING

The plaintiffs argue that the PB's decision not to reopen the public hearing at the 7/11/01 meeting violated the plaintiffs' due process rights. As discussed above in section 2, the request for public comment was not denied. In fact, limited comment occurred. R. 37 at 416, 422.

The changes in the site plan application were not substantial and were anticipated. R. 5; 35 at 364; 43. The plaintiffs had opportunity for comment at the 6/27/01 meeting. R. 34-35. Some of the changes in the site plan were responsive to those comments. R. 18; 37. The PB's determination of the procedure used at the 7/11 01 hearing was within its discretion. See Cunningham v. Kittery Planning Board, 400 A.2d 1070, 1079 (Me. 1979); compare R. 51 at 584 with R. 51 at 661-62.

4.   INSUFFICIENT VOTES FOR PB APPROVAL

The plaintiffs argue that the PB erred as a matter of law when it failed to follow the requirements of a PB ordinance enacted 6/12/01. That ordinance provides

4

that the PB will have seven members and shall act by majority vote of full PB. R. 53. On 6/27/01, the PB announced that it would comply with the 6/12/01 ordinance requirements in considering the YMCA plan. R. 35 at 313. On 7/11/01, the PB stated that the 6/12/01 ordinance would not be used in considering the YMCA plan. R. 37 at 381. On 7/11/01, the PB approved the YMCA plan with three affirmative votes. R. 38.

The YMCA site plan application was first reviewed in May, 2001. R. 31; 32; 43 at 457; see City of Portland v. Fisherman's Wharf Associates II, 541 A.2d 160, 164 (Me. 1988); Littlefield v. Town of Lyman, 447 A.2d 1231, 1235 (Me. 1982). The 6/12/01 Ordinance does not state that it applies retroactively. R. 53. The change in the ordinance enacted on 6/12/01 did not apply to the YMCA plan. See 1 M.R.S.A. § 302 (1989).

5.    LATE FINDINGS OF FACT/IMPROPER EXECUTIVE SESSION

The plaintiffs argue that no findings of fact or conclusions of law were made when approval of the plan was granted, that a closed executive meeting was held on 7/18, and that the Town's attorney drafted inaccurate findings in response to the plaintiffs' ZBA appeal. The findings were adopted on 9/17/01. R. 43. The ZBA denied the appeal on 9/19/01. R. 49.

The minutes of the 7/11/01 hearing were available. R. 36; see Bragdon v. Town of Vassalboro, 2001 ME 137, ¶ 4, 780 A.2d 299, 301. There are no time limits for findings of fact. See 1 M.R.S. A. § 403 (1989) (record or minutes shall be made promptly and be open to public inspection).

There is no evidence of improper executive session in the record. <u>See</u> Order of 3/22/02; M.R. Civ. P. 80B(f). There was no request by plaintiffs to add to the record and there is no independent claim for relief. <u>See</u> M.R. Civ. P. 80B(d) & (i); <u>see also</u> <u>Underwood v. City of Presque Isle</u>, 1998 ME 166, ¶ 18, 715 A.2d 148, 153-54.

6.   <u>IMPROPER DELEGATION OF AUTHORITY</u>

The plaintiffs argue that the PB improperly delegated decision-making authority to the Code Enforcement Officer (CEO) with regard to future parking space requirements, future parking lot design, and policing of traffic at large events. R. 37 at 424-25, 428. The plaintiffs argue further that the PB delegated to a neighbor's consultant approval for final lighting details. R. 37 at 425. There was no improper delegation of authority to the police departments or to the CEO. There was no delegation to the consultant to deviate from the approval or the ordinance requirements. R. 43; 51.

## II. SUBSTANTIVE ISSUES

### (A) WAIVER/PARKING SPACE REQUIREMENTS

The plaintiffs argue that the PB waived the parking space standards of section 803.1 of the Rockport Zoning Ordinance. R. 51 at 588-90. They state that only the ZBA has the authority to waive zoning ordinance provisions.

No parking waiver was required because section 803.1.2 of the Ordinance permits the PB to determine the required number of parking spaces for uses not specifically listed. R. 51 at 589. The YMCA received a special exception as a "community facility" and "medical clinic," which are not uses listed in section

6

803.1.2 of the Ordinance. R. 45 at 475. Accordingly, there was no required number of parking spaces. R. 36 at 374; R. 43 at 462. The PB relied on YMCA parking standards to conclude that the project had a sufficient number of spaces to eliminate the need for in-street parking. R. 5 at 46-47; 43 at 455, 462.

(B) ORDINANCE STANDARDS

1. LOT COVERAGE

The plaintiffs argue that because the lot coverage calculation of the project is 32%, section 901 of the Rockport Zoning Ordinance, which permits maximum lot coverage of 33%, will be violated if and when additional parking spaces are added. R. 3 at 3; 51 at 613. The PB provided that future parking that could exceed the 33% limit would have to be "pervious parking on grassed pavers." R. 43 at 463, 465; 51 at 557.

2. PARKING LOT DESIGN

The plaintiffs argue that the parking areas for the project violate section 1305.5 of the Rockport Zoning Ordinance because the areas have more than 50 spaces. R. 3; 51 at 664-65. The parking areas are divided into smaller areas by a walkway. One area appears to have 52 spaces. R. 3; see Sproul v. Town of Boothbay Harbor, 2000 ME 30, ¶ 10, 746 A.2d 368, 372 (de minimis variations from zoning ordinance requirements).

(C) EXPRESS AND IMPLIED FINDINGS /SUBSTANTIAL EVIDENCE

1. EASEMENTS

The plaintiffs argue that at time of the PB approval of the project, the YMCA

7

did not have formal, final easements from abutting property owners for surface water drainage and a critical second access driveway for deliveries and emergencies. Section 1304.2.1 of the Rockport Zoning Ordinance requires that the applicant provide evidence of his "title and interest of the land which the application covers." R. 51 at 663. The YMCA provided that evidence. R. 5; 43 at 454; see also R. 47 at 502-525. The YMCA provided agreements for the necessary easements. R. 14 at 127-30; 15 at 131-32; 21 at 153; 31 at 278; 35 at 317.[5]

## 2. FINANCIAL CAPACITY

The plaintiffs complain that there was "very weak evidence" of the YMCA's financial capability to complete this project. Pl.'s Mem. at 15. Section 1304.2.7 of the Rockport Zoning Ordinance requires reasonable evidence of financial capability. R. 51 at 663. The record reveals that reasonable evidence. R. 5 at 42; 13 at 126; 16 at 139; 26 at 211; 31 at 278; 35 at 317; 36 at 375; 43 at 466.

## 3. FEDERAL/STATE WATER QUALITY STANDARDS

The plaintiffs argue that wetland permits were required pursuant to section 1305.12 of the Rockport Zoning Ordinance. R. 51 at 665. They allege that the Maine Department of Environmental Protection permit was issued for a smaller building and that the Army Corps of Engineers had issued no permit at the time of the PB approval of the project. R. 20.

Section 1305.12 provides that a project must comply with federal and state

_____

[5]The plaintiffs argue incorrectly that the conveyance of interest regarding the second access driveway is a revocable license and therefore is inadequate to satisfy the property interest requirements of the ordinance. See Aff. of Attorney Manahan, Att. 1; Southridge Corp. v. Bd. of Envtl. Prot., 655 A.2d 345, 348 (Me. 1995).

8

water quality standards. R. 51 at 665. The YMCA demonstrated that the project would comply with those regulations. R. 5 at 49, 52-59; 21 at 152-158; 34 at 301-02; 43 at 459-462.

### 4. TRAFFIC STUDY

The plaintiffs argue that the traffic study submitted did not meet the requirements of the ordinance. R. 51 at 602-05, 664.

The traffic study was based on a 72,000 square foot building. R. 5 at 61; 23 at 160; 34 at 303; 35 at 335; 37 at 412. The traffic counts addressed summer conditions. R. 34 at 303; 35 at 338, 341-42. The effect of the project on side streets was considered and discussed by the PB. R. 34 at 303; 37 at 414. The decision to request an independent traffic study is within the discretion of the PB pursuant to section 1306.4 of the Rockport Zoning Ordinance. R. 51 at 666.

### 5. PB SITE APPROVAL EXCEEDS ZBA SPECIAL EXCEPTION APPROVAL

The plaintiffs argue that the PB approved amended plans for a project that was larger and different from the plan approved by the ZBA as a special exception under section 901.3 of the ordinance. R. 51 at 612. The ZBA, therefore, should have had to review and approve the amended project.

The ZBA approval contemplated that the plan would include Phase II. R. 45 at 473, 475; 57 at 708-10. The ZBA did not limit its approval to the materials presented with the special exception application. R. 45 at 475; see City of Portland v. Grace Baptist Church, 552 A.2d 533, 535-36 (Me. 1988).

9

The entry is

The 7/11/01 Decision of the Town of Rockport Planning Board is AFFIRMED.

The Building Permit Issued 7/17/01 is VALID.

Date: March 31, 2002

Nancy Mills
Chief Justice, Superior Court

Date Filed __10/9/01__ _____ Knox _____ Docket No. __AP-01-013__
County

Action ___ 80B Appeal ___

PAM ALLEN, ~~MARK and NISSA AVERY,~~ **Dismissed** THE TOWN OF ROCKPORT,
JO ELLEN CARPENTER, DAVID and ANNE HOY, **3/1/02** ROCKPORT PLANNING BOARD, and
~~STEPHEN J. MELCHISKEY~~ and ~~SONIA SPALDING~~ vs. ROCKPORT ZONING BOARD OF APPEALS
THE PENOBSCOT BAY YMCA

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Christopher S. Neagle, Esq. | Paul L. Gibbons, Esq. (Town of Rockport) |
| PO Box 586 | PO Box 616      (Rockport Planning Board |
| Portland ME 04112 | Camden, ME 04843    Rockport Zoning Board) |
| 774-4000 | 236-3325 |
| | Matthew D. Manahan, Esq.(YMCA) |
| | One Monument Square |
| | Portland ME 04101-4033 |
| | 791-1100 |
| | Catherine Conners, Esq. |
| | (Same Address as above) |
| | William L. Plouffe, Esq. (Town of Rockport) |
| | PO Box 9781 Portland ME 04104   772-1941 |

| Date of Entry | |
|---|---|
| 10/11/01 | On 10/9/01, Rule 80B Complaint and Summary Sheet filed by Attorney Neagle. |
| 10/11/01 | Notice and Briefing Scheduled mailed to Attorneys Neagle, Gibbons and Manahan. |
| 10/22/01 | On 10/15/01, Matthew D. Manahan, Esq. enters his appearance on behalf of the Defendant, Penobscot Bay YMCA. |
| 10/22/01 | On 10/18/01, Paul L. Gibbons, Esq. enter his appearance on behalf of the Town of Rockport. |
| 11/1/01 | On 10/29/01, Answer to Rule 80B Complaint by Town of Rock |