STATE OF MAINE
PENOBSCOT, ss.

ROBERT B. SMETHURST and
ADDIE LAURA SMETHURST,

Plaintiff/Appellants

v.

MUNICIPALITY OF STETSON,

Defendant/Appellee

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-2006-04

FILED AND ENTERED
SUPERIOR COURT

OCT 2 4 2006

PENOBSCOT COUNTY

DECISION AND
JUDGMENT

DONALD L. GARBRECHT
LAW LIBRARY

DEC 0 8 2006

This case comes before the court on the 80B Appeal of the Trustees of the Smethurst Family Trust, Robert B. Smethurst and Addie Laura Smethurst ("Smethursts").

## BACKGROUND

The Smethursts own a parcel of unimproved land on the Mullen Road in Stetson, Maine.[1] On January 4, 2006, the Smethursts, through David R. Buchstaber of Village Point Realty, applied to the Appellee, the Municipality of Stetson ("Stetson"), for a land use/building permit to build a residential structure on the land. On the application, Mr. Buchstaber described the land as 150 feet wide, 300 feet long, and 1.033 total acres. In a letter dated January 25, 2006, the Code Enforcement Officer of Stetson denied the permit, explaining that the land failed to meet the requirements of the Stetson Building Code, because it was one hundred feet short of a 250 foot depth requirement and that the land did not meet the minimum area of 50,000 square feet. The Code Enforcement Officer also informed Mr. Buchstaber in the letter that his matter was set to appear before the Stetson Appeals Board on February 6, 2006.

---

[1] According to the Smethurst's brief, their deed to the land is recorded in the Penobscot County Registry of Deeds in Book 5324, page 176.

1

On February 7, 2006, the Stetson Appeals Board denied Mr. Buchstaber's application for an administrative appeal. In rendering this decision, the Stetson Appeals Board made several findings of facts, including "6. A public hearing was held on Monday, February 6, 2006" and "7. The relevant sections of the ordinance are Building Code Section 3-N. 200 ft. road frontage and depth of not less than 250 ft., minimum area of 50,000 square ft." The Stetson Appeals Board subsequently concluded that the Smethursts' lot was not "buildable" and that the lot was "not grandfathered because the current owners purchased the property in 1986."

The Smethursts filed this 80B appeal on March 3, 2006. They allege primarily that Section 3-N[2] of the Stetson Building Code is invalid because it is a zoning ordinance that does not meet the requirements of 30-A M.R.S.A. § 4352. The Smethursts also allege that the Stetson Appeals Board failed to review their request for a variance.

## DISCUSSION

*1. Standard of Review*

The Superior Court, acting in an intermediate appellate capacity, will review the decision of the Stetson Appeals Board "directly for errors of law, abuse of discretion, or findings not supported by substantial evidence in the record." *Priestly v. Town of Hermon*, 2003 ME 9, ¶6, 814 A.2d 995, 997 (citations omitted); M.R. Civ. P. 80B(f).

---

[2] Section 3-N of the Stetson Building Code reads in part:

> No new dwelling or other building shall be erected unless it is on a building lot with not less than two hundred feet (200) frontage on a public way and a depth of not less than two hundred fifty (250) feet and a minimum area of fifty thousand (50,000) square feet. Building permits may be issued for the construction of dwellings and related structures on parcels of land which are not on a public way and which are in excess of forty acres if the permit when issued contains conditions to the effect that the town will have no responsibility or obligation to provide or maintain access to the property or to provide fire protection, school bus service, or any other services that require access and further provided that the owner signs a release agreement to protect the town and its officials.

2

The resolution of this matter turns on whether the Stetson Appeals Board had the authority to review the Smethursts' application under Section 3-N of the Stetson Building Code.

### 2. Applicable Law & Analysis

Maine statutory law confers broad power upon municipalities to regulate by ordinance. 30-A M.R.S.A. § 3001 (2005) ("Any municipality, by the adoption, amendment or repeal of ordinances or bylaws, may exercise any power or function which the Legislature has power to confer upon it, which is not denied either expressly or by clear implication, and exercise any power or function granted to the municipality by the Constitution of Maine, general law or charter."). Using this power, dubbed "home-rule authority," a municipality may pass certain ordinances, including codes and land use ordinances.

As part of its home-rule authority, "a municipality *may*... [a]dopt and amend local growth management programs, including comprehensive plans and implementation programs." *Id.* § 4323(2) (emphasis added).[3] Municipalities, therefore, are not required to adopt such a growth management program. *See also Bragdon v. Vassalboro*, 2001 ME 137, ¶ 7, 780 A.2d 299, 301 ("the Legislature in 1991 eliminated the mandate requiring towns to adopt comprehensive plans and zoning ordinances comprising a local growth

---

[3] If a municipality engages in a growth management program, however, it must adopt both a comprehensive plan and an implementation strategy. 30-A M.R.S.A. § 4326 (2005). A comprehensive plan is defined as " a document or interrelated documents containing the elements established under section 4326, subsections 1 to 4, including the strategies for an implementation program which are consistent with the goals and guidelines established under subchapter II." *Id.* § 4301(3). An implementation program is defined as "that component of a local growth management program which includes the policies and ordinances or other land use regulations which carry out the purposes and general policy statements and strategies of the comprehensive plan in a manner consistent with the goals and guidelines of subchapter II." *Id.* § 4301(7). A growth management program is defined as " a document containing the components described in section 4326, including the implementation program, that is consistent with the goals and guidelines established by subchapter II and that regulates land use beyond that required by Title 38, chapter 3, subchapter I, article 2-B." *Id.* § 4301(9).

management program."). If a municipality enacts a zoning ordinance, however, it is considered to have enacted an implementation strategy as part of a growth management program, and must, as a prerequisite, have a comprehensive plan. *Id.* There is no such requirement for building codes. *See id.* ¶ 9, 780 A.2d at 302.

### a. Section 3-N is a Zoning Ordinance

The first question that must be answered, therefore, is whether Section 3-N of the Stetson Building Code is merely a building code, as Stetson contends, or a zoning ordinance, as the Smethursts contend. A land use ordinance is "an ordinance or regulation of general application adopted by the municipal legislative body which controls, directs or delineates allowable uses of land and the standards for those uses." 30-A M.R.S.A. § 4301(8) (2005). A zoning ordinance is "a type of land use ordinance that divides a municipality into districts and that prescribes and reasonably applies different regulations in each district." *Id.* § 4301(15-A).

The Law Court has held that a site review ordinance that sets uniform standards for construction on any worksite, "without regard to the number or location of sites to be developed," constitutes a building code rather than a zoning ordinance. *Bragdon*, 2001 ME 137, ¶ 9, 780 A.2d at 302. Likewise, the Law Court held in a similar case that an ordinance that applied construction and lot size requirements "uniformly to all buildings in the Town," did not constitute a zoning ordinance. *LaBay v. Paris*, 659 A.2d 263, 265. In each case, therefore, the Court considered non-uniformity in land regulation the hallmark of a zoning ordinance.

Section 3-N of the Stetson Building Code is not a uniform provision that applies to all new construction; rather, the section mandates, as a requirement for building

4

permits, different requirements for lands that are on a "public way" from lands that are not on a "public way." Such a lack of uniformity resulting from the two categories established in Section 3-N leads to the conclusion that Section 3-N of the Stetson Building Code is a de facto zoning ordinance that must comply with Maine zoning law. [4]

*b. The Ordinance is Not Consistent with Stetson's Comprehensive Plan*

Any municipal zoning ordinance must be "pursuant to and consistent with a comprehensive plan adopted by the municipal legislative body." 30-A M.R.S.A. § 4352(2) (2005). Whether or not an ordinance is "consistent" with a comprehensive plan largely turns on whether the two co-exist "in basic harmony." *Adelman v. Town of Baldwin*, 2000 ME 91, ¶ 22, 750 A.2d 577, 585. The determination of this question is a matter of law. *Old Town v. Dimoulas*, 2002 ME 133, ¶ 18, 803 A.2d 1018, 1023.

The court has a copy of Stetson's Comprehensive Plan in the record ("SCP"). The document, entitled "Comprehensive Plan of Stetson, Maine 1991," was adopted on February 17, 1992 and last revised on February 10, 1998. The court also has a copy of the Stetson Building Code, enacted in 1983 and revised through May 14, 1993. An additional document in the record, entitled "Minutes for Special Town Meeting, November 23, 1992, Town of Stetson," reveals that Stetson adopted Section 3-N of its Building Code on that date.

---

[4] The Smethursts point to the case of *Waterboro v. Lessard*, 287 A.2d 126 (Me. 1972), in support of their contention that section 3-N is a zoning ordinance. In *Waterboro*, the Court held that "location of buildings, size and open spaces of real estate... and setback of structures along ways, are matters which our court has interpreted as dealing with the establishment of building lines... These areas have consistently been the subject of zoning legislation and are not found within the so called 'police power' ordinance." *Id.* at 129. The 'police power' ordinance, which the Court referred to, was section 30 M.R.S.A. § 2151, which has since been repealed. That section, however, provided that a municipality could enact police power ordinances for buildings, structures, trailers, and equipment involving design, construction, and additions, etc. Today, as the court has noted, the municipality has broad "home-rule" to adopt ordinances. The court considers *Lessard* in its opinion, but recognizes that Maine statutory law has changed since the case was decided.

5

In any case, Stetson adopted Section 3-N after the SCP had been adopted by the city.[5] Section 3-N, however, is not consistent with the SCP. Although the types of restrictions Section 3-N requires, such as minimum lot size, are also types of restrictions that the SCP suggests in order "to preserve the small town rural character" of Stetson, the categories of land in each plan are much different. SCP at 138. The SCP divides the municipality into several distinct regions, including Village Residential, Mixed Residential, and Rural Residential districts. *Id.* at 135. These categories are much distinguishable from the two categories of land created in Section 3-N: land on a "public way" and land not on a "public way." The SCP itself notes: "The Comprehensive Plan provides the legal basis for enacting the ordinances." *Id.* at 137. As such, Stetson should have enacted the land usage requirements of Section 3-N with regard to the zoning areas proposed by the SCP.

## CONCLUSION

Section 3-N of the Stetson Building Code is hereby declared invalid and otherwise null and void as noted in this Decision and Judgment. This matter is remanded to the Stetson Appeals Board for reconsideration of the Smethursts' application in the absence of Section 3-N.

The Clerk may enter this Decision and Judgment upon the docket by reference.

Dated: Oct, 24 , 2006

Andrew Mead
Justice, Superior Court

---

[5] The court does not have a copy of the SCP as it existed at the time Section 3-N was adopted, but will consider whether Section 3-N is compatible with the SCP in the record, as that is the one that has been provided.

Date Filed __3/3/06__  __PENOBSCOT__  Docket No. ___AP-2006-4___

County

Action __80B APPEAL__

**ASSIGNED TO JUSTICE ANDREW M. MEAD**

ROBERT B. SMETHURST and

ADDIE LAURA SMETHURST, TRUSTEES OF

THE SMETHURST FAMILY TRUST  Appellants  vs.  MUNICIPALITY OF STETSON  Appellees

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| CHARLES W. COX, ESQ<br>COX LAW OFFICES<br>P O BOX 327<br>NEWPORT ME  04953 | THOMAS A. RUSSELL, ESQ.<br>FARRELL ROSENBLATT & RUSSELL<br>P O BOX 738<br>BANGOR ME 04402-0738 |

| Date of Entry | |
|---|---|
| 3/3/06 | Rule 80B Appeal filed by Appellants with attachments. |
| 3/7/06 | Notice and Briefing Schedule Rule 80B Appeal of Governmental Actions filed.  Copy forwarded to attorney for Appellant. |
| 3/16/06 | Entry of Appearance for Municipality of Stetson of Thomas A. Russell, Esq. filed.  Copy of Notice and Briefing Schedule forwarded on 3/17/06. |
| 3/17/06 | Officer's Return of Service as to Appellee Municipality of Stetson by Dennell Ham, Town Clerk. (S.D.:  3/7/06) |
| 4/12/06 | Motion to Extend Filing Date (for filing of the record of the proceedings until 4/28/06) filed by Plaintiffs. |
| 4/24/06 | Order filed.  The Plaintiff has filed a motion requesting the extension of time.  The motion is presented without objection.  The motion is granted.  The deadline for filing the record of the proceedings and the deadline for the filing of the Plaintiff's Brief are extended to April 28, 2006. (Mead, J.)  Copy forwarded to attorneys of record. |
| 4/28/06 | Brief of Plaintiff/Appellants filed with Appendix attached. |
| 4/28/06 | Record of Proceedings filed by Plaintiff/Appellants. |
| 5/26/06 | Brief of Defendant/Appellee Town of Stetson pursuant to Rule 80B M.R.Civ.P. filed. |
| 6/9/06 | Appellants Reply Brief Rule 80B Appeal filed. |
| 9/25/06 | File presented to Justice Mead for review. |

--Over--