STATE OF MAINE                          SUPERIOR COURT
HANCOCK, SS.                            CIVIL ACTION
                                        Docket No. AP-07-11


Alberta Wister,
        Plaintiff


        v.                              Order on Appeal


Town of Mt. Desert et al.,
        Defendants


    Alberta Wister appeals from a decision of the Town of Mt. Desert Zoning Board
of Appeals (ZBA), granting a variance to Benjamin C. Moore and Alice G. Carter to
construct a driveway within the setback associated with the boundary line for their
parcels of land. Wister argues here that the ZBA erred in issuing the variance because,
she contends, it did not have jurisdictional authority to do so. For the reasons set out
below, the court agrees with this argument and remands this matter to the ZBA for
dismissal of the variance applications.

    Moore and Carter jointly own a parcel of land (lot 35) located in the Town of Mt.
Desert, and Moore individually owns an abutting parcel (lot 35-1). But for a 20-foot
wide, 361-foot long strip that extends between Milbrook Road and the main portion of lot
35, that parcel would be landlocked. *See* R. 15 (map). Lot 35-1 is in fact landlocked.
*See id.* However, it is benefited by a 20-foot wide deeded right-of way that extends over
the strip that is part of lot 35 and then over a portion of the main part of that lot. Moore
and Carter filed an application for a setback variance to allow construction of a driveway
over the strip to improve access to lot 35, and Moore applied for similar variance to allow
the construction within the right-of-way associated with lot 35-1. They sought a variance
from the ZBA because under the municipal applicable ordinance, a driveway must be at
least twelve feet wide and must be setback at least five feet from any property line. *See*
Town of Mt. Desert Land Use Zoning Ordinance (Ordinance), § 2.7.6 (R. 98). Because
the strip connected the main portion of lot 35 to the Milbrook Road is 20-feet wide, it


1

could not accommodate a driveway as wide as the ordinance required and still conform to the setbacks, which would apply to both sides of the driveway. To meet the ordinance's requirements, a property owner would need land 22-feet wide, and the strip where the driveway would be located here is only 20-feet wide. Accordingly, Moore and Carter sought a setback variance from the ZBA that would authorize them to build the driveway within at least one of the setbacks. After a public hearing, the ZBA evaluated the variance applications against the statutory standards established in 30-A M.R.S. § 4353(4) and granted the applications. Wister, an abutting neighbor, appealed that decision to this court.

Wister first argues that the ZBA does not have the authority to grant a variance from an ordinance that is of universal application throughout the municipality. Wister, through counsel, raised this issue at the ZBA hearing, and the ZBA -- either impliedly, *see* R. 49, or expressly, *see* R. 81 -- rejected the jurisdictional challenge.

The ordinance defining the jurisdiction of the Town of Mt. Desert ZBA empowers it "[t]o hear variance requests and authorize variances as provide in Title 30-A MRSA Section 4353." *See* Reorganization of the Town of Mount Desert Zoning Board of Appeals (Reorganization), § 4(A)(2) (R. 90). The local law does not expand or otherwise modify the jurisdiction and authority granted generally to zoning boards of appeal under section 4353. Thus, section 4353 is the touchstone of the extent to which the ZBA was authorized to act on the variance applications filed by Moore and Carter.

Wister argues that under section 4353, a zoning board of appeals has authority to act only on requests for variances from zoning ordinances. None of the defendants contests this construction of the statute.[1] Although Moore and Carter discuss a ZBA's

---

[1] Section 4353 is entitled, "Zoning adjustment," which clearly suggests that the terms of that statute control zoning issues, which in turn may indicate that the law of variances set out in that statute applies to variances from zoning ordinances. On the other hand, the "variances" that are identified in the text of section 4353 are not expressly described as variances from "zoning ordinances," as opposed to variances from some other type of land use ordinance. However, as is noted in the text, Moore, Carter and the Town do not dispute Wister's assertion that the variances that a ZBA may authorize under section 4353 are limited to variances from zoning ordinances. This frames the parties' arguments on the question of whether the municipal driveway setback requirements at issue here are "zoning ordinances," which could be the subject of a variance within a ZBA's jurisdiction under section 4353(4), or whether those setbacks are something other than a

2

appellate authority, which is largely established in both section 4353 and 30-A M.R.S. § 2691, that aspect of its jurisdiction is distinct from its authority to act on requests for variances. Here, the municipal ZBA did not act pursuant to any appellate jurisdiction it held. The ZBA's proceedings were preceded by the municipal code enforcement officer's decision to deny Moore and Carter a permit to construct the proposed driveway. However, Moore and Carter did not file an appeal from that decision. Rather, their applications to the ZBA were expressly presented and as applications for a setback variance, and the ZBA treated the applications in that way. Therefore, the procedures and jurisdiction associated with appeals to the ZBA are not implicated here.

From Wister's predicate contention that the ZBA had jurisdiction to entertain the setback variance applications filed by Moore and Carter only if the variance was from a zoning ordinance, the next question is whether the driveway setback requirement is – or is not – a zoning law. A "zoning ordinance" is defined statutorily as "a type of land use ordinance that divides a municipality into districts and that prescribes and reasonably applies different regulations in each district." 30-A M.R.S. § 4301(15-A). A "zoning ordinance" is thereby to be distinguished from a "land use ordinance," which is "an ordinance or regulation of general application adopted by the municipal legislative body which controls, directs or delineates allowable uses of land and the standards for those uses." 30-A M.R.S. § 4301(8). Wister urges here that the driveway setback ordinance, from which Moore and Carter sought relief, was not a "zoning ordinance" but rather was a "land use ordinance."

The Town's driveway setback requirements are of general application throughout the Town. Indeed, those setbacks are part of a portion of the land use ordinance entitled, "General Regulations," which set out a number of requirements that mostly apply uniformly in all zoning districts within the Town of Rockport. *See* R. 97-99. Therefore, the driveway setback ordinance falls squarely within the definition of a "land use ordinance" established in section 4301(8). Similarly, the driveway setback ordinance cannot be regarded as a "zoning ordinance" as defined in section 4301(15-A), because it

---

zoning ordinance, as to which the ZBA therefore would have no authority to issue a variance.

is not a regulation that applies differently among the various zoning districts.[2] Consequently, the ZBA did not have authority to grant a variance from the driveway setback ordinance, because that ordinance is not a "zoning ordinance" that may be subject of variance relief.

The Town argues that the driveway setback should be treated as a "zoning ordinance" because it is included in the set of laws that the municipality labeled as its "Land Use Zoning Ordinance" and because such a characterization better accomplishes the purposes of the ordinances as described in the preamble. However, the Town's choice of labels must yield to the nature of the ordinance as determined by state statute, and the court cannot conclude that treatment of the driveway setback ordinance as a "land use ordinance" that is not subject to variance would compromise the goals of the ordinances. The Town also argues that there is no need to examine the nature of the setback requirement because it is not applicable to the Moore and Carter parcels in the first place. This, however, is not an argument that was raised before the ZBA, and it clearly does not represent the reason why the ZBA decided the matter favorably to Moore and Carter. Indeed, the ZBA concluded that a variance was proper under the criteria established in section 4353, thereby establishing its position that a variance could be granted from the requirements of the ordinance. Because the ZBA was not asked even to consider whether a variance was needed in the first place, the issue has been waived, and the court declines to consider it here in the first instance.

Finally, Moore and Carter argue that the adminstration of the ordinance will be complicated if some of its provisions are treated as zoning ordinances (subject to variances) and others are treated as land use ordinances (not subject to variances). This

---

[2] The court recognizes that the Law Court has referred to the existence of "zoning requirements in the form of a uniform town-wide ordinance. . . ." *Perkins v. Town of Ogunquit*, 1998 ME 42, ¶ 12, 709 A.2d 106, 109. However, none of the defendants has argued that this passage amounts to a holding that the driveway setbacks at issue here are therefore a "zoning ordinance," as opposed to a "land use ordinance." And it bears note that the *Perkins* Court also recognized the distinction between ordinances of general application and those that are limited to particular zoning districts. *See id.*, ¶ 11, 709 A.2d at 109. *See also Bragdon v. Town of Vassalboro*, 201 ME 137, ¶ 8, 780 A.2d 299, 302; *LaBay v. Town of Paris*, 659 A.2d 263, 265-66. Further, the plain meaning of the definitional provisions of sections 4301(8) and 4301(15-A) reveal that the setbacks involved in this case cannot be "zoning ordinances" as contemplated by those statutes.

argument, however, fails to account for the fact that the municipal legislation in fact includes both types of ordinances in its legislation and that, under section 4353, the different types of ordinances have different consequences and lead to different sets of rights for those affected by them. The advisability of integrating both zoning ordinances and land use ordinances, as those types of law are defined by state statute, is a matter of policy and local judgment, and it is certainly something that is beyond the proper consideration of the court.

The entry shall be:

For the foregoing reasons, the decisions of the Town of Mt. Desert Planning Board to grant the variance applications are vacated. This matter shall be remanded to the Planning Board for dismissal of the variance applications for lack of jurisdiction.

Dated: September 10, 2008

_____
Justice, Maine Superior Court

RECEIVED & FILED

SEP 12 2008

HANCOCK COUNTY
COURTS